## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 21 2017, 10:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz &
Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ivan Gooden, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 21, 2017

Court of Appeals Case No.
15A01-1603-CR-593

Appeal from the Dearborn Circuit
Court

The Honorable James D.
Humphrey, Judge

Trial Court Cause No.
15C01-1501-F1-1

**Baker, Judge.**

[1] Ivan Gooden, Jr., appeals his convictions for Criminal Confinement,[1] a Level 3 felony, and Aggravated Battery,[2] a Level 3 felony. He argues that his convictions violate the prohibition against double jeopardy and that his sentences should not be run consecutively. Finding no violation of the prohibition against double jeopardy or any other error, we affirm.

## Facts

[2] Gooden and Nicholl Lunsford were coworkers who became romantically involved in December 2014. The couple and Lunsford's teenage son moved into an apartment together. One week after moving in together, Gooden choked Lunsford until she lost consciousness. A week after that, Gooden again choked Lunsford unconscious; this time, she fell on her face and suffered two black eyes. After another attack, Lunsford's son called the police, but Gooden threatened to "burn [her] daughter's house down with [her] grandbabies" inside, tr. p. 126; when the police arrived, Lunsford recanted her story.

[3] On January 22, 2015, Lunsford was looking for a pen. She asked Gooden whether he had moved it. They began arguing over the pen, and when Lunsford yelled back, Gooden angrily accused her of "trying to get the white people . . . that live next door" to get him in trouble. Tr. p. 93, 141. He grabbed her and choked her unconscious, allowing her to fall onto the floor,

---

[1] Ind. Code § 35-42-3-3.

[2] I.C. § 35-42-2-1.5.

which resulted in Lunsford chipping her teeth. Gooden then dragged her by her ankles to the bedroom. Lunsford regained consciousness, but Gooden placed her on the bed, got on top of her, and began choking her again. He placed a pillow over her face and told her that she was going to die. Over the course of an hour, Lunsford lost consciousness at least two more times as Gooden attacked her. In addition to the broken teeth and loss of consciousness, Lunsford suffered a bruise on her hip, bruises on her elbow, a concussion, marks around her neck, and swelling above her eyebrow.

[4] Lunsford's friend came by the apartment shortly thereafter and was eventually able to call the police. Gooden was arrested and on January 26, 2015, was charged with attempted murder, criminal confinement, and was alleged to be a habitual offender. The State later amended the charging information to include a count of aggravated battery.

[5] After a December 14-18, 2015, bifurcated jury trial, the jury found Gooden guilty of criminal confinement and aggravated battery, but not guilty of attempted murder. Gooden admitted to being an habitual offender. The trial court held a sentencing hearing on January 28, 2016, and February 12, 2016, and sentenced Gooden to sixteen years for the criminal confinement conviction and fourteen years for the aggravated battery conviction, with those sentences to run consecutively, plus an additional twenty years for being an habitual offender. Gooden now appeals.

# Discussion and Decision

[6] Gooden argues that his convictions violate the prohibition against double jeopardy. Article 1, Section 14 of the Indiana Constitution provides, "No person shall be put in jeopardy twice for the same offense." Our Supreme Court has explained that two or more offenses are the "same offense" if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999). As long as "each conviction require[s] proof of at least one unique evidentiary fact," no violation of the actual evidence test occurs. *Bald v. State*, 766 N.E.2d 1170, 1172 (Ind. 2002).

[7] A person commits Level 3 felony aggravated battery by knowingly or intentionally inflicting injury on a person that causes protracted loss or impairment of the function of a bodily member or organ. I.C. § 35-42-2-1.5(2). A person commits Level 3 felony criminal confinement by knowingly or intentionally confining another person, without that person's consent, and causing a serious bodily injury. I.C. § 35-42-3-3(b)(2)(B). Here, the State presented evidence that Gooden choked Lunsford unconscious and then allowed her unconscious body to fall to the ground, where she chipped her teeth. Having completed that act, Gooden then dragged Lunsford by her ankles to the bedroom, where he immobilized her by sitting on top of her and choked her until she again lost consciousness at least two more times. Gooden committed two separate crimes, distinct in time, location, and evidence offered

as proof. Accordingly, his convictions do not violate the "same offense" test, nor do they violate the prohibition against double jeopardy.

[8] Gooden also argues that "it was improper to give him consecutive sentences for the two offenses that were based upon the same factual storyline." Appellant's Br. p. 12. It is well settled that the trial court may consider whether terms of imprisonment shall be served concurrently or consecutively. Ind. Code § 35-50-1-2. "[W]ith a few exceptions, it is within the trial court's discretion whether to order sentences to be served concurrently or consecutively." *Myers v. State*, 27 N.E.3d 1069, 1082 (Ind. 2015).

[9] Gooden perpetrated a brutal assault on his girlfriend, which resulted in broken teeth, bruises, and multiple losses of consciousness. The trial court also noted that Gooden has a significant prior criminal history. We cannot say that the trial court erred by ordering Gooden's sentences to run consecutively.

[10] The judgment of the trial court is affirmed.

Mathias, J., and Pyle, J., concur.